Court of Criminal Appeal
Abel Acosta, Clerk

This document contains some
pages that are of poor quality
at the time of imaging.

3-8-2015

59,803-31

Dear Clerk,

Would you please make copys of this
petition for a writ of Mandamus. Please let
the Court know that im a inmate at the
Ellis ~~Unit~~ Unit have no access to a copys
~~Unit~~ and please send the copys of the
writ of Mandamus, to the State Prosecuting
Attorney Lisa C McMinn. at P.O Box 12405
Austin Tx 78711.

Please let me know, when you present this
this petition for writ of Mandamus, to the
Court.

too. Sincerely

Jody Ford McCleary
1694118. Ellis Unit
1692 F.M. 980.
Huntsville Tx

Also inclose
A Cops of the
finding of Facts of
the 7th District Court
of the defendant of being
A Habitual Tex Ped Code 12.42(d)
And was sentence to 12 years.

RECEIVED IN
COURT OF CRIMINAL APPEALS

MAR 11 2015

Abel Acosta, Clerk

In the Court of Criminal Appeal

Jody Ford McCreary .V. Twelfth Court of
Appeal Cause NO 12-14-00164-CR.
Trial Court Case No. 007-1110-10

3-8-15

## Petition For a Writ of Mandamus

Now Come Jody Ford McCreary and pro se
and file this Writ of Mandamus. To
Compell the 12th Court of Appeal to order
7th District Court of Smith County to withdraw
the plea bargin that is not authorized by
Law and return the Relator Jody McCreary
and the state to their Original postition.
Tate .V. State App 10. District 1996) 921 S.W.2d.
496. The 12th Court of Appeal have Jurisdiction
to hear the Motion expedited of Appeal
because Relator have raise, a Jurisdiction isses

( History of Case

1.On August- 2014. Relater file A notice of Appeal to
Admonishment error, the 12th Court denied the Appeal
for Want of Jurisdiction in Case No 12-14-00164-CR.
2. On Februry -12- 2015, Relator, filed the Motion for
expedited of Appeal of Jurisdiction issue Texas
Rule Appellate Procedure 40 (b) (1)

The Twelfth Court of Appeal have Abuse it
discretnary for not hear this Motion that Relater
file.

2. Jurisdiction

The Court of Criminal Appeal have Jurisdiction to issue a Mandamus. Of the Texas Constitution Article 5 Amedmont 5-V-12. And the Texas Code Criminal procedure Article 4.04. In all Criminal Matter.

Respectfully Submitted

Judg For MCC

Order

It is therefore Order of the 12th Court of Appeal of the Motion For for expedited of Appeal of jurisdiction Issue T.R.AP. 4.6(b)(7) to Order the 7th District Court to withdraw the plea bargin that is not authorized by Law. And Return the parties to there Original Portion

Respectfully Submitted.

Judg for MCC

Jodg F McBeard
Ellis Unit 1697 F.M 980
Huntsville, Tx
77343



CHIEF JUSTICE
JAMES T. WORTHEN

JUSTICES
BRIAN HOYLE
GREG NEELEY

**TWELFTH COURT OF APPEALS**

CLERK
CATHY S. LUSK

CHIEF STAFF ATTORNEY
MARGARET HUSSEY

Tuesday, February 17, 2015

Jody Ford McCreary
#1694118
Ellis Unit
1697 FM 980
Huntsville, TX 77343

**RE:**    Case Number:              12-14-00164-CR
            Trial Court Case Number:   007-1110-10

**Style:**  Jody Ford McCreary
            v.
            The State of Texas

This is to acknowledge receipt of your communication dated February 12, 2015.

In response to your inquiries, please be advised that:

1.     The mandate in this case was issued on September 4, 2014.  Therefore, this Court no longer has jurisdiction over this appeal.
2.     Enclosed for return is your Motion for Expedited of Appeal of Jurisdiction Issue TRAP 40(b)(1).

Very truly yours,

CATHY S. LUSK, CLERK

By: _____
        Ashley Yount, Deputy Clerk

Twelfth Court of Appeal
Cause no. 007-1110-10

Jody Ford McCreary V. State of Texas. In
the 7th District Court of Smith County

Motion: For expedited of Notice of Appeal
of Jurisdiction issue. Texas Rule Appellate
procedure Rule 40(b)(1). With Brief to
Support

Now Come Jody Ford McCreary, and pro se
and file this Motion for expedited of Appeal.
On January-13-2011. The trial Court impose A
sentence and punishment that is unauthorized
by Law and the 12th Court of Appeal have
authority to withdrawn the plea bag bargin
and to return parties including state to
their Orginal positions. See Tate v. state 921 S.W2d 446

1. History of Case

On January-13-2011 the trial Court assessed punishment
and enhanced to A habitual punishment range
under 12.42.d of the Texas Penal Code 25 to 99
years in the Texas Department of Criminal Justice
and the Defendant is Sentence to 12 years in
the Texas Department of Criminal Justice
the 12 years Sentence is unauthorized by Law
the minmum Sentence as A Habitual of
the Texas Pen Code 12.42 d 25 years in th
Tex Department of Criminal Justice

In plea bargin situation where specfic performance is not an alternative the only remedy is to order the plea withdrawn and to return the parties including the state to thier Original prosition Heath v. state 817. S.W. 2d. 335. 340 (Tex Crim App 1991) Also State v. Lewis 918. S.W.2d 557-558 (Tex App. Dallas 1996)

To reverse only the sentencing is neither logical nor fair Shannon v. state 708 S.W. 2d. 850, 852. (Tex Crim 1986) And see Tate v. State (App 10 Dist. 1996) 921 S.W. 2d 496

## 2. Notice of Jurisdiction

The 12th Courts of Appeal have Jurisdiction of this Appeal.

A Defendant Appealling plea bargined Conviction must get trial Court permission to Appeal any matter in case except Jurisdiction defect and those matter raised by Written Motion and rule Tate v. State (App. 10 District 1996) 921 s.W. 2d. 496

Whether trial Court properly enhanced defendant punishment under penal Code section pertaining to repeat And habitual felons Offenders was reviewable even though defendant Who plea guilty filed only general Notice of Appeal limiting Appeal to Jurisdiction issues V.T.C.A Pen Code 12.42(d) see Tate v. state (App 10 Dist 1996) 921 S.W. 2d. 469

A sentence not authorized by Law is Void and may be raised at anytime Heath 817 suit S.W.2d at 336

However the only remedy of the unknowingly enter into unauthorized plea bargin is to order the plea withdrawn and to return parties including state to their Original position Tate. V. State (App 10 Dist. (1996) 421 S.W.2d 496

## PRAYER

The Defendant Jody Ford McCreary prays that the 12th Court of Appeal will Grant this Motion For expedited of Notice of Appeal of jurisdiction issues Texas Rule Appellate procedure Rule 40 (b) (1) With Brief to Support and

1. Order the Unauthorized plea bargin agreement to be Withdrawn And 2. Order the Defendant including the state District Attorney their Original positions.

Defendant Attached the Courts Finding of Facts that Defendant was enhanced to Habitual Tex Pen Code 12.42 (d)

Respectfully Submitted

Jody Ford McCreary
Jody Ford McCreary
1694118 Ellis Unit
1697. F.M. 980
Huntsville Tx
77343

Dear Clerk of the 12th Court of Appeal

Please present this Motion For expedited of
Appeal of jurisdiction issue T.R.Ap.R 40(b)(1)
with Brief Also file the 7th District Court
Finding Facts Wich show That the Appellant
Was enhance to A Hustual And the sentence
to the Court.

Pl. Please let me Know When you
presented this Motion to the Court
Thank you for your time in this Matter

Jody McCleary   1694118
Ellis

CAUSE NO. 007-1110-10-A



EX PARTE                                    §          IN THE 7th DISTRICT COURT
                                            §
                                            §          OF
                                            §
JODY FORD MCCREARY                          §          SMITH COUNTY, TEXAS

## WRIT OF HABEAS CORPUS
## FINDINGS OF FACT AND CONCLUSIONS OF LAW

The defendant in Cause Number 007-1110-10 filed his first Application for a Writ of Habeas Corpus. The State filed a response. The Court hereby enters its findings and conclusions.

The Court takes judicial notice of all prior proceedings, reporter's records, the documents and papers contained in the files, and the docket sheets in Cause Number 007-1110-10 and the first Application for Writ of Habeas Corpus in 007-1110-10-A.

The Court enters the following Findings of Fact and Conclusions of Law:

1.  The defendant, Jody McCreary, was indicted in Cause No. 007-1110-10, filed in the 7th District Court of Smith County, Texas, with the offense of Tampering with Physical Evidence.

2.  On January 13, 2011, the defendant, with counsel, was fully admonished and persisted in entering a negotiated plea of guilty to the charge in the indictment. The Court, having heard evidence and argument of counsel, sentenced the defendant to the agreed Twelve (12) years in confinement and no fine.

3.  At all times during the defendant's plea hearing the defendant was alert, coherent, and responsive. This Court observed nothing to indicate the defendant did not understand his rights, the consequences of his waivers, the consequences of his pleas, the consequences of the sentencing and waivers. The defendant was competent and entered his waivers and plea freely, intelligently, knowingly and voluntarily.

4.  The Court signed the judgment and sentence in this case.

5.  The defendant waived his appeal pursuant to his plea agreement with the State and did not file a notice of appeal.

6.  On January 24, 2011, the defendant filed his first Art. 11.07 application for a Writ of Habeas Corpus under the above-numbered cause and has alleged, under fifteen separate and largely incoherent grounds, that his trial attorney was ineffective for a variety of reasons.

Page 1

7. The State requested a designation of issues and the Court ordered an affidavit be filed by the defendant's trial attorney, Hon. Kurt Noell, regarding the accusations that he was ineffective in his representation of the defendant. Said affidavit has been provided to the Court.

8. The Court takes judicial notice of all prior proceedings, the files. Specifically, the Court takes judicial knowledge of the following:

   a. On January 13, 2011, during the plea hearing the defendant testified to the Court as follows:

      1. He understood that he was charged with the offense of Tampering with Physical Evidence, enhanced to a habitual offender punishment range under § 12.42 (d) of the Texas Penal Code.

      2. He was pleading GUILTY to the charge as alleged because he was guilty and for no other reason. No one threatened or promised him anything to get him to plead. He entered his guilty plea of his own free will and with a recommendation from the State as to the punishment to be assessed.

      3. He was judicially confessing, in the sworn stipulation of evidence, that he was guilty as charged. He signed the written stipulation of evidence of his own free will.

      4. He understood that the Court had the discretion to accept or reject the plea agreement he had with the State and that he would be allowed to withdraw his plea of guilty if said agreement was not approved by the Court.

   c. The record demonstrates that the defendant's waivers and plea were made freely, intelligently, knowingly and voluntarily.

   d. The confession of the defendant in the sworn stipulations of evidence was freely, intelligently, knowingly and voluntarily made after full consultation with counsel and admonishment by the Court and after a written waiver of rights by the defendant.

   e. The defendant was fully admonished as required by law and testified that he understood the nature and consequences of his plea and he freely, intelligently, knowingly and voluntarily pleaded guilty and accepted his sentence.

   f. The twelve-year sentence agreed upon by the parties and assessed by the Court was less than the twenty-five-year minimum sentence applicable under the indictment as enhanced with two prior and sequential felony convictions.

Page 2

9. The Court finds and concludes that the defendant has failed to present any proof that he was denied effective assistance of counsel and there is no evidence in the record to substantiate the many claims made by the defendant in that regard.

10. The defendant has further failed to offer any argument or authority which support his claims in this writ application and his sworn allegations, standing alone, are insufficient to meet his burden to allege facts, which if true, would entitle him to relief.

11. The legal procedures in these cases were proper and as provided by the Constitution and Texas law.

12. The Court concludes that the Application for Writ of Habeas Corpus is not well taken and should be in all things be denied.

## ORDER

The Court orders the Clerk of the Court to immediately transfer to the Court of Criminal Appeals:

(1) a copy of the Application for Writ of Habeas Corpus;

(2) any answers and waivers executed by the State;

(3) a copy of the files and docket sheets in the original cause of action and the files and docket sheets in the first Application for Writ of Habeas Corpus; and,

(4) these findings of fact and conclusions of law.

SIGNED AND CERTIFIED on this _____15th_____ day of ____April____, 2011.

_____
HONORABLE KERRY L. RUSSELL
Judge, 7th District Court
SMITH COUNTY, TEXAS

Page 3

21    22